IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

In re                                          :

   CHARLES CHRYSOSTOMOU          :        Case No. 20-13913-LSS
                                                    Chapter 7
                           Debtor         :

-------------------------------------------------------------------------------------------------

ROGER SCHLOSSBERG, TRUSTEE    :
P.O. Box 2067
Hagerstown, MD 21742-2067         :

                    Plaintiff           :

            v.                            :        Adversary No. _____

PEGGY CHRYSOSTOMOU               :
11312 Palatine Drive
Rockville, MD 20854                    :

            and                          :

AMAZON.COM SALES, INC.            :
410 Terry Avenue North
Seattle, WA 98109                        :

w/s/o Resident Agent:                  :

            CSC-Lawyers Incorporating    :
            Service Co.
            7 St. Paul Street               :
            Suite 820
            Baltimore, MD 21202        :

            and                          :

AMAZON.COM SERVICES, LLC       :
410 Terry Avenue North
Seattle, WA 98109                        :

w/s/o Resident Agent:                  :

            CSC-Lawyers Incorporating    :

Service Co.
7 St. Paul Street                         :
Suite 820
Baltimore, MD 21202                       :

    and                                       :

APPLE, INC.                               :
MS 38 TX
1 Infinite Loop                           :
Cupertino, CA
                                          :
w/s/o Resident Agent
                                          :
    The Corporation Trust Incorp.
    2405 York Road                        :
    Suite 201
    Lutherville-Timonium, MD 21093        :

    and                                       :

DRAFTKINGS, INC.                    :
125 Summer Street, Ste. 510
Boston, MA 02110                          :

w/s/o Resident Agent

                                          :
    The Corporation Trust Incorp.
    2405 York Road                        :
    Suite 201
    Lutherville-Timonium, MD 21093        :

    and                                       :

UNITED AIRLINES, INC.                     :
P.O. BOX 66100
Chicago, IL 60666                         :

w/s/o Resident Agent                      :

    Prentice-Hall Corporation             :
    System, MA
    7 St. Paul Street                     :
    Suite 1660
    Baltimore, MD 21202                   :
    and                                   :

BELLAGIO, LLC                              :
3600 Las Vegas Blvd So
Las Vegas, NV 89109                        :

w/s/o Resident Agent                      :

      Corporation Service Company      :
      112 No. Curry Street
      Carson City, NV 89703            :

      and                             :

ARIA RESORT & CASINO, LLC                  :
3730 Las Vegas Blvd So
Las Vegas, NV 89158                        :

w/s/o Resident Agent                      :

      Corporation Service Company      :
      112 No. Curry Street
      Carson City, NV 89703            :

      and                             :

GIANT FOOD, LLC.                           :
6300 Sheriff Road
Landover MD 20785                          :

w/s/o Resident Agent:                      :

      CSC-Lawyers Incorporating       :
      Service Co.
      7 St. Paul Street               :
      Suite 820
      Baltimore, MD 21202             :

JONATHAN STAFFORD                          :
Address Unknown
                                      :

      and                             :

ALI MAREI                                  :
8760 W. Patrick Lane, Unit 1095
Las Vegas, NV 89148-5301                   :

|  |  |
|---|---|
| and | : |
| CHARLES CHRYSOSTOMOU<br>11312 Palatine Drive<br>Rockville, MD 20854 | :<br><br>: |
| and | : |
| NIKOLAOS SAOUTIS<br>9901 Betteker Lane<br>Potomac, Maryland 20854 | :<br><br>: |
| and | : |
| JOHN DOES 1-30 | : |
| Defendants | : |

**AVOIDANCE AND RECOVERY OF TRANSFERS UNDER 11 U.S.C. §§ 549 and 550**

COMES NOW, Roger Schlossberg, Trustee of the Bankruptcy Estate of Charles Chrysostomou, the Debtor herein, by and through his undersigned counsel and, in support of his complaint seeking to avoid and recover post-petition transfers made to the Defendants, states as follows:

**Introduction**

1. Through this Complaint the Trustee is attempting to recover post-petition transactions through which the Debtor illegally made payments, purchases and transfers, after the date of the Order for Relief entered herein on August 13, 2020, in violation of 11 U.S.C. § 549 (a). Those payments were made to family and friends as well as vendors and other persons and entities. All of these payments were made without the authority of the Trustee, after the Order for Relief was entered, and in violation of the requirements of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*

2.  In addition to the payments, purchases and transfers which can be identified through the bank records in the possession of the Trustee, which records were obtained through court-ordered discovery, there are a number of bank withdrawals by the Debtor or his wife in large cash amounts for which the Trustee does not have sufficient information to determine the transferee. Those transferees are identified herein as the "John Doe" Defendants.  Their actual identities remain unknown because the Debtor has failed to provide the information required by the Bankruptcy Code and his status as a Chapter 7 Debtor and he has failed to comply with numerous notices and court orders to provide information necessary to the Trustee's ability to properly administer this bankruptcy estate.  To the extent these withdrawals can be identified through additional information and/or  discovery, the Trustee will seek to amend this Complaint to identify each of the John Doe Defendants and/or to add the names of any other initial transferee or applicable immediate or mediate transferee.

**Parties**

3.The Plaintiff, Roger Schlossberg, is the duly appointed and acting Chapter 7 Trustee for the Bankruptcy Estate of the Debtor, Charles Chrysostomou.  The Plaintiff was appointed on August 18, 2020 and has continued as Trustee since that date.

4.  The Defendant Charles Chrysostomou is the Debtor herein and currently resides at 11312 Palatine Drive, Rockville, MD   Mr. Chrysostomou has been living at that address since December, 2020.  That address is also the residence of the Debtor's parents, Andreas Chrysostomou and Evanthia Chrysostomou.

5.  The Defendant Peggy Chrysostomou ("Peggy") is the Debtor's wife and was married to the Debtor at all relevant times to the allegations and circumstances of this Complaint. Peggy resides with the Debtor at the Palatine Drive residence.

6.  The Defendant Ali Marei is an individual with a residence or business address in Las Vegas, Nevada.  He is believed to be a resident of Las Vegas, Nevada.

7.  The Defendant Aria Resort & Casino, LLC is believed to be a Nevada limited liability company with its principal place of business in Las Vegas, Nevada where it operates a resort hotel and gambling casino.

8.  The Defendant Bellagio Hotel, LLC, is believed to be a Nevada limited liability company with its principal place of business in Las Vegas, Nevada where it operates a resort hotel and gambling casino.

9.  The Defendant Apple, Inc. is believed to be a California company engaged, *inter alia*, in online and internet sales and services throughout the United States and abroad.

10.  The Defendant Amazon.com, LLC, is believed to be a Washington limited liability company engaged, *inter alia*, in online and internet sales and services throughout the United States and abroad.

11.  The Defendant Amazon.com Services, LLC, is believed to be a Washington limited liability company engaged, *inter alia*, in online and internet sales and services throughout the United States and abroad.

12.  The Defendant DraftKings, Inc., is believed to be a Massachusetts-based company engaged in online and other betting/gambling operations and promotions throughout the United States, including Maryland.

13.  The Defendant United Airlines, Inc. is a U.S. and International air transportation company with its principal offices in Illinois.  United Airlines, Inc. ("United") has offices and facilities in Maryland including at BWI Airport.

14.  The Defendant Giant Food, LLC is a food and grocery service company with offices

in Maryland.  It operates a number of retail grocery stores in the greater Washington area including Montgomery County, Maryland.

15.  The Defendant Jonathan Stafford, is believed to be a contractor with a residential contracting and renovation business in the greater Washington, D.C. area and is believed to have contracted with the Debtor to perform contracting services at the Debtor's former residence on Still Creek Lane during the period prior to November, 2020 and, perhaps, at the Debtor's current residence, on Palatine Drive.

16.  The Defendant Nickolaos Saoutis is believed to be an acquaintance or business associate of the Debtor and a resident of Maryland.

17.  John Does 1-30 are the persons or parties that received cash payments or other transfers made by the Debtor or his wife from the Debtor's bank accounts at Wells Fargo Bank, accounts ending in Nos. 7079 ("the 7079 Acct"), and 2866 ("the 2866 Acct"), respectively, during the period subsequent to August 13, 2020.  Due to the deliberate failure and refusal of the Debtor and his wife to provide information required under the Bankruptcy Code and Ordered by this Court, the Plaintiff is currently unable to identify the John Does referenced herein.  The Plaintiff expects to learn the identity of the John Doe Defendants through discovery in the administrative case and in this adversary proceeding. Plaintiff will amend this Complaint accordingly upon obtaining information related to the identity of the John Doe Defendants.

**Jurisdiction**

18.  This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), specifically, § 157 (b)(2)(F), (H) and (O).

**Venue**

19. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1409.

**Background**

20. Derek Colen, the Petitioning Creditor herein ("Colen" or "Petitioning Creditor"), filed an involuntary petition under Chapter 7 of the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 303 (b)(2), against the Debtor on March 27, 2020.

21. The Debtor failed to respond to the Involuntary Petition and this Court eventually entered an order granting an order for relief under Chapter 7 of the Bankruptcy Code on August 13, 2020.

22. On August 18, 2020 Roger Schlossberg was appointed as the Debtor's Chapter 7 Trustee.

23. On September 14, 2020, the Debtor filed a Motion seeking to vacate the Order for Relief granted herein. That Motion was denied by this Court's Order entered on December 16, 2020.

24. On September 29, 2020 Colen served on the Debtor Interrogatories and Requests for Production of Documents. On the same day, Colen served Notices of Deposition noticing the Depositions of the Debtor and his wife, Peggy Chrysostomou, for October 26, 2020.

25. Neither the Debtor nor his wife filed or served responses to Colen's Interrogatories and Requests for Production. Neither the Debtor nor his wife appeared at their duly noticed depositions.

26. On January 5, 2021 the Debtor failed to appear at his required meeting of creditors pursuant to Bankruptcy Code §§341 and 343. On January 6, 2021, the Trustee adjourned the meeting of creditors, to January 29, 2021. The Debtor failed to appear at that scheduled meeting,

as well.

27.   Despite his statutory obligation to do so and a Court Order compelling his compliance, to date the Debtor has failed to provide any information required by the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.  The Debtor has failed to comply with the requirements of a Debtor under Chapter 7, despite numerous attempts of Colen, the Court, and the Trustee, to obtain information, and compliance, from the Debtor.

28.   On May 26, 2001, the Trustee obtained Orders authorizing and directing the examinations of the Debtor and his spouse, Peggy, under Fed. R. Bankr. P. 2004. The Debtor did not produce any documents as required by the applicable court order(s) and did not appear at his examination on June 11, 2021, which was scheduled pursuant to court order.  The Debtor's spouse also failed to respond or contact the Trustee or his counsel and she did not appear for her examination on July 30, 2021, which was scheduled pursuant to court order.

29.   On June 22, 2022, this Court entered an Order, pursuant to Fed. R. Bankr. P. 2005, compelling the Debtor to appear in person at the United States Bankruptcy Court for examination by the Trustee.  The Debtor failed to appear at that hearing without excuse.

30.   On July 22, 2022 the Court entered an Order holding the Debtor in civil contempt and ordering the U.S. Marshall to apprehend the Debtor and take him into custody for the purpose of compelling compliance with the Debtor's discovery and Chapter 7 obligations.

**Background Facts for all Counts**

31.   According to information acquired from friends and business associates of the Debtor and bank records obtained related to the Debtor's pre-petition and post-petition financial transactions, the Debtor was engaged, both prior to, and subsequent to, his bankruptcy petition date (March 27, 2020) in gambling, gaming, and other, similar transactions from at least May,

2018 through May, 2021.

32.  From bank documents provided to the Trustee by creditors, the Trustee determined that the Debtor had significant banking transactions in accounts maintained at Wells Fargo Bank ("the Bank"), including the 7079 Acct and the 2866 Acct.  The 7079 Acct was opened in May, 2019 and, to the best of the Trustee's knowledge has remained open and used by the Debtor through at least 2021.

33.  From the records obtained from Wells Fargo Bank and other information obtained by the Trustee it does not appear that Peggy was employed between May, 2019 and June, 2021. During that period she does not appear to have had any independent source of income.  All deposits into the 7079 account appear to have been made by, or on behalf of, the Debtor.

34.  The 2886 Acct was opened in October, 2020.  The account was opened with two deposits.  One was $25 cash and the second was a transfer of $45,000 from the 7079 Acct. According to the bank's documentation, the Debtor is the sole owner and signatory of the 2866 Acct.  From the Bank's records it also appears that all funds deposited into this account were supplied by, or on behalf of, the Debtor.

35.  The Trustee is presently unaware of other bank accounts, depository accounts, business accounts or other sources of income or assets of the Debtor.

36.  The 7079 Acct was opened by the Debtor in May, 2019.  The Debtor's wife, Peggy, was added to the account shortly thereafter.  However, it does not appear that Peggy made any contributions to the account and that all deposits were made either by, or on behalf of,  the Debtor from his own income sources.

37.  The Trustee asserts that all funds in the 7079 Acct and the 2866 Acct were funds that were deposited or transferred into the account by, or on behalf of the Debtor.  Therefore, the

Debtor had an interest in, and control over, both the 7079 Acct. and the 2886 Acct. As a result, the transfers asserted in this Complaint from the 7079 Acct and the 2886 Acct were property of the Debtor's bankruptcy estate under 11 U.S.C. § 541 (a) (1) and (2).

## COUNT I

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) - Peggy Chrysostomou)

38.   The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 37 and 51 through 122 as if fully set out hereat.

39.   The Trustee may avoid a transfer of property of the Debtor's estate that occurs after the commencement of the case.

40.   Property of the Estate consists of all legal or equitable interests of the debtor in property as of the commencement of the case, including, but not limited to, cash and deposit accounts.

41.   Property of the Estate also includes any interest in property that the Estate acquires after the commencement of the case.

42.   A transfer is defined, in part, by Bankruptcy Code §101 (54) as every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing or parting with property or an with interest in property.

43.   This case commenced with the filing of an involuntary petition on March 27, 2020. An Order for Relief was entered herein on August 13, 2020 and the Plaintiff, Trustee was appointed on August 18, 2020.

44.   No transfer of funds in the Debtor's accounts at the Bank subsequent to August 13, 2020 was authorized by the provisions of the Bankruptcy Code, the Plaintiff, or by the Court.

45.   The Defendant Peggy Chrysostomou, through the use of her debit card or cash

withdrawals, received sums in excess of $2,766.49 from September 23, 2020 through the present.

46.  In addition, during the same period, the Debtor transferred an unknown amount of cash and other property to Peggy.

47.  All the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

48.  In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

49.  None of the sums received by Peggy from the Debtor , or money or property transferred to her by the Debtor, were authorized by the Trustee, the provisions of the United States Bankruptcy Code of 1978, as amended ("the Code"), or by this Court.

50.  Peggy was acutely aware of the Debtor's bankruptcy proceeding at all relevant times.

WHEREFORE, as to Count I, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, Peggy, the full amount of all transfers recoverable under 11 U.S.C. § 549(a), judgment in the amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count I.

### COUNT II

**(Avoidance and Recovery of Unauthorized Post-petition Transfer
Under 11 U.S.C. § 549 (a) - Amazon.com Sales, Inc.)**

51.  The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 50 and 56 through 122 as if fully set out hereat.

52.  The Defendant Amazon.com Sales, Inc. ("Amazon Sales") received transfers of property of the estate of at least $1,015.12 from September 23, 2020 through the present.

53.  All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

54.  In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

55.  None of the sums transferred to Amazon Sales by the Debtor were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count II, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, Amazon Sales, the full amount of all transfers recoverable under 11 U.S.C. § 549(a), judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count II.

## COUNT III

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) - Amazon.com Services, LLC)

56.  The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 55 and 61 through 122 as if fully set out hereat.

57.  The Defendant Amazon.com Services, LLC  ("Amazon Services") received transfers from the property of the estate of at least $1,306.77 from September 23, 2020 through the present.

58.  All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

59.  In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

60.  None of the sums transferred to Amazon Services by the Debtor were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count III, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, Amazon Services, the full amount of all transfers

recoverable under 11 U.S.C. § 549(a), judgment in the amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count III.

## COUNT IV

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) - Apple, Inc.)

61.  The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 60 and 66 through 122 as if fully set out hereat.

62.  The Defendant Apple, Inc. ("Apple") received transfers from the property of the estate of at least $1,142.92 from September 23, 2020 through the present.

63.  All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

64.  In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

65.  None of the sums transferred to Apple by the Debtor were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count IV, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, Apple, of the full amount of all transfers recoverable under 11 U.S.C. § 549(a), Judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count IV.

## COUNT V

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) – DraftKings, Inc. )

66.  The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 65 and 71 through 122 as if fully set out hereat.

67.  The Defendant DraftKings, Inc. ("DraftKings") received transfers from the property of the estate of at least $10,000 from September 23, 2020 through the present.

68.  All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

69.  In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

70.  None of the sums transferred to DraftKings by the Debtor were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count V, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, DraftKings, of the full amount of all transfers recoverable under 11 U.S.C. § 549(a), Judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count V.

## COUNT VI

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) - United Airlines, Inc.  )

71.  The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 70 and 76 through 122 as if fully set out hereat.

72.  The Defendant United Airlines, Inc. ("United Airlines") received transfers from the property of the estate of at least $1,264.60 from September 23, 2020 through the present.

73.  All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

74.  In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

75.  None of the sums transferred to United Airlines by the Debtor were authorized by the

Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count VI, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, United Airlines, of the full amount of all transfers recoverable under 11 U.S.C. § 549(a), Judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count VI.

### COUNT VII

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) - Bellagio, LLC)

76.   The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 75 and 81 through 122 as if fully set out hereat.

77.   The Defendant Bellagio, LLC. ("Bellagio") received transfers from the property of the estate of at least $1,936.72 from September 23, 2020 through the present.

78.   All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

79.   In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

80.   None of the sums transferred to Bellagio by the Debtor were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count VII, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, Bellagio, the full amount of all transfers recoverable under 11 U.S.C. § 549(a), Judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count VII.

### COUNT VIII

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) - Aria Resort & Casino, LLC)

81.   The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 80 and 86 through 122 as if fully set out hereat.

82.   The Defendant Aria Resort & Casino, LLC ("Aria Resort") received transfers from the property of the estate of at least $40,000 from September 23, 2020 through the present.

83.   All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

84.   In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

85.   None of the sums transferred to Aria Resort by the Debtor were authorized by the Trustee, the provisions of the Code, or by this Court

WHEREFORE, as to Count VIII, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, Aria Resort, of the full amount of all transfers recoverable under 11 U.S.C. § 549(a), Judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count VIII.

### COUNT IX

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) - Giant Food, LLC)

86.   The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 85 and 91 through 122 as if fully set out hereat.

87.   The Defendant Giant Food, LLC ("Giant Food") received transfers from the property

of the estate of at least $1,754.72 from September 23, 2020 through the present.

88. All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

89. In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

90. None of the sums transferred to Giant Food by the Debtor were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count IX, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, Giant Food, the full amount of all transfers recoverable under 11 U.S.C. § 549(a), Judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count IX.

## COUNT X

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) - Jonathan Stafford)

91. The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 90 and 95 through 122 as if fully set out hereat.

91. The Defendant Jonathan Stafford ("Stafford") received transfers from the property of the estate of at least $3,700 from September 23, 2020 through the present.

92. All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

93. In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

94. None of the sums transferred to Stafford by the Debtor were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count X, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, Stafford, the full amount of all transfers recoverable under 11 U.S.C. § 549(a), Judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count X.

## COUNT XI

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) - Ali Marei)

95.  The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 94 and 100 through 122 as if fully set out hereat.

96.  The Defendant Ali Marei ("Marei") received transfers from the property of the estate of at least $18,423 from September 23, 2020 through the present.

97. All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

98.  In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

99.  None of the sums transferred to Marei by the Debtor were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count XI, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant, Marei, of the full amount of all transfers recoverable under 11 U.S.C. § 549(a), Judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count XI.

## COUNT XII

### (Avoidance and Recovery of Unauthorized Post-petition Transfer Under 11 U.S.C. § 549 (a) - Charles Chrysostomou)

100.  The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 99 and 107 through 122 as if fully set out hereat.

101.  The Defendant Charles Chrysostomou ("the Debtor") received transfers from the property of the estate of at least $75,000 from September 23, 2020 through the present.

102.  The transfers consist of ATM withdrawals from bank accounts of the Debtor from the period September 23, 2020 through the present, other cash withdrawals, debit card payments and transfers to one or more accounts in the name of the Debtor.

103.  The Plaintiff does not know the exact amount of the recoverable transfers because the Debtor, despite his obligations under the Code, and court orders and notices to do so, has not provided information or performed acts required by the Code and rules related to the Debtor's Chapter 7 case.

104. All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

105.  In the case of each transfer identified above, the Debtor was the initial transferee or an immediate or mediate transferee.

106.  None of the sums transferred by the Debtor were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count XII, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Debtor of the full amount of all transfers recoverable under 11 U.S.C. § 549(a), Judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count XII.

## COUNT XIII

### (Avoidance and Recovery of Unauthorized Post-petition Transfer
### Under 11 U.S.C. § 549 (a) - Nikolaos Saoutis)

107.  The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 106 and 112 through 122 as if fully set out hereat.

108.  The Defendant Nikolaos Saoutis ("Saoutis") received transfers by the Debtor from the property of the estate of at least $1,500 from September 23, 2020 through the present.

109. All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

110.  In the case of each transfer identified above, the Defendant was the initial transferee or an immediate or mediate transferee.

111.  None of the sums transferred to Saoutis were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count XII, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the Defendant the full amount of all transfers recoverable under 11 U.S.C. § 549(a), Judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count XII.

## COUNT XIV

### (Avoidance and Recovery of Unauthorized Post-petition Transfer
### Under 11 U.S.C. § 549 (a) - John Does 1-25)

112.  The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 111 and 119 through 122 as if fully set out hereat.

113.  Defendants John Does 1 through 30 ("the John Doe Defendants") received from the Debtor transfers of property of the estate of at least $20,000 from September 23, 2020 through

the present.

114.   The transfers consist of ATM withdrawals from bank accounts of the Debtor from the period September 23, 2020 through the present, other cash withdrawals, cash payments and debit card payments from one or more accounts owned and controlled by the Debtor and property of the Debtor's bankruptcy estate.

115.   The Plaintiff does not know the exact amount of the recoverable transfers because the Debtor has refused, despite his obligations under the Code, and court orders and notices to do so, to provide information or to perform those actions required by the Code and rules related to the Debtor's Chapter 7 case and necessary for the Plaintiff to fully determine, *inter alia,* the assets or potential assets of the Debtor's bankruptcy estate, including, but not limited to avoidable and/or recoverable transactions.

116. All of the foregoing transfers were made from accounts owned or controlled by the Debtor and part of the Debtor's bankruptcy estate.

117.   In the case of each transfer identified above, the John Doe Defendants were the initial transferees or immediate or mediate transferees.

118.   None of the sums transferred to the John Doe Defendants were authorized by the Trustee, the provisions of the Code, or by this Court.

WHEREFORE, as to Count XIV, the Plaintiff seeks an order authorizing the Trustee to avoid and recover from the John Doe Defendants the full amount of all transfers recoverable under 11 U.S.C. § 549(a), judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count XIV.

## COUNT XV

### (Recovery of Unauthorized Post-petition Transfer
### Under 11 U.S.C. § 550 (a) - All Defendants)

119.  The Plaintiff reasserts and incorporates the allegations of paragraphs 1 through 118 hereof as if fully set out hereat.

120.  To the extent a transfer is avoided under §549 the Trustee may recover, for the benefit of the estate, the property transferred, or, if the Court so orders, the value of such property from the initial transferee of such transfer, as such recovery is allowed under 11 U.S.C. § 550 (a).

121.  With respect to the transfers alleged in the foregoing Counts of this Complaint, each Defendant is an initial transferee or a mediate or intermediate transferee.

122. Under Code, Section 550, upon court order, the Trustee is entitled to recover the property transferred (payments or cash) or the value of the property.

WHEREFORE, as to Count XVI, the Plaintiff seeks recovery from each Defendant of the full amount of all transfers recoverable under 11 U.S.C. § 549(a), judgment in the total amount of all such transfers, and for such other and further relief as is consistent with the allegations of this Complaint and Count XVI.

SCHLOSSBERG | MASTRO

 /s/ Roger Schlossberg
ROGER SCHLOSSBERG
FRANK J. MASTRO
P.O. Box 2067
Hagerstown, MD 21742-2067
301-739-8610
301-791-6302 (fax)
rschlossberg@schlosslaw.com
fmastro@schlosslaw.com

COUNSEL TO THE TRUSTEE


LAW OFFICE OF PHILIP J. McNUTT, PLLC


By:  /s/ Philip J. McNutt
Philip J. McNutt
11921 Freedom Drive, Ste 584
Reston, VA 20190
703-904-4380
202-379-9217 (fax)
Pmcnutt@mcnuttlawllc.com

SPECIAL COUNSEL TO THE TRUSTEE